# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>v.<br><br>**MARIA ALEJOS,**<br><br>        Defendant. | **AMENDED ORDER**<br><br>Case No. 1:07CR63DAK |

      Defendant, Maria Alejos, has filed a motion for early termination of supervised release. Defendant was sentenced to a four-year term of supervised release to begin at the conclusion of her imprisonment. Defendant was released from federal custody and began her term of supervised release on April 16, 2010. Therefore, her supervised release is currently set to terminate on April 16, 2014.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's motion for early termination of supervised release is not supported by her probation officer at this time. In addition, counsel for the United States objects to early termination of supervised release at this time. Defendant has completed substance abuse treatment, and demonstrates that she is accepting responsibility for her mistakes and desiring to move forward. She has maintained employment, despite losing her employment at one job because of personality differences. The court believes that Defendant is a strong candidate for early release. However, the court believes that the issue should be evaluated after she has completed at least half of the supervised release term. Although Defendant is making progress, the motion is premature. Defendant needs more time to demonstrate that she is consistently moving in the right direction. Accordingly, the court denies Defendant's motion for early termination of supervised release at this time. Defendant may move for a consideration of the issue after April of 2012.

DATED this 17th day of November, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge